**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, |
|
v. |
| I.D. 1412002182
MICHAEL WIGGINS, |
|
Defendant. |

Date Decided: October 30, 2020

*Upon Defendant Michael Wiggins' Motion for Postconviction Relief*
**Denied.**

*Upon Defendant Michael Wiggins' Motion to Strike Trial Counsel's Affidavit*
**Denied.**

## ORDER

### Background

On December 4, 2014, Michael Wiggins ("Defendant") was arrested by Delaware State Police ("DSP") in Wilmington, Delaware. On March 30, 2015, Defendant was indicted on the following charges: of Drug Dealing Heroin (Tier 4), Drug Dealing Cocaine, Drug Dealing Endocet, six counts of Possession of a Firearm During the Commission of Drug Dealing, Aggravated Possession of Heroin (Tier 5), Possession of Marijuana and Drug Paraphernalia, Conspiracy in the Second Degree, and four counts of Possession of a Firearm by a Person Prohibited.

Defendant's trial was scheduled for December 8, 2015. On the day of trial, Defendant entered a guilty plea. Defendant pled guilty to Drug Dealing Heroin (Tier

1

4), Possession of a Firearm During the Commission of a Felony, and Conspiracy in the Second Degree. The State entered *Nolle Prosequi* on the remaining charges. The Court scheduled Defendant's sentencing hearing on March 11, 2016.

On January 11, 2016, although represented by trial counsel John S. Malik, Esquire ("Trial Counsel"), Defendant filed a *pro se* Motion to Withdraw the Guilty Plea. On April 14, 2016, Trial Counsel filed the Motion to Withdraw Guilty Plea. On May 20, 2016, this Court denied Defendant's Motion to Withdraw Guilty Plea and subsequently sentenced Defendant to a total of ten (10) years of Level 5 incarceration (five (5) years each for Drug Dealing in Heroin and Possession of a Firearm in the Commission of a Felony) and a 2-year probationary sentence (Level 4) for the remaining Conspiracy in the Second Degree charge. The remaining charges were *nolle prossed*.

On June 20, 2016, Defendant filed a timely Notice of Appeal to the Delaware Supreme Court and contested the denial of his Motion to Withdraw the Guilty Plea. On May 22, 2017, the Delaware Supreme Court affirmed this Court's decision and Defendant's sentence.

On May 10, 2018, Defendant timely filed a *pro se* Motion for Postconviction Relief. On July 22, 2019, the Court appointed Natalie S. Woloshin, Esquire as Rule 61 Counsel for the Defendant. On December 20, 2019, Defendant filed an Amended Motion for Postconviction Relief (the "Motion for Postconviction Relief"). On

2

March 22, 2020, Trial Counsel filed an Affidavit in Response to Defendant's Motion for Post-Conviction Relief. On March 27, 2020, Defendant filed a Motion to Strike Trial Counsel's Affidavit. On April 23, 2020, the State filed its Response to the Motion for Post-Conviction Relief. On July 9, 2020, Defendant filed his Reply in Support of Motion for Post-Conviction Relief.

## Defendant's Assertions

Defendant raises four grounds in his Motion for Post-Conviction Relief for Ineffective Assistance of Counsel: (1) Trial Counsel failed to appear or appeared late for scheduled hearings; (2) Trial Counsel failed to provide discovery materials to the Defendant; (3) Trial Counsel failed to file a "meritorious motion to suppress"; and (4) Trial Counsel was ineffective in filing and presenting Defendant's Motion to Withdraw Guilty Plea.

## Discussion

### A. Procedural Bars

The Court must address potential procedural bars to relief under Rule 61(i) before assessing the merits of Defendant's motion.[1] Rule 61(i)(1) bars relief if the motion is filed more than one year after the judgment of conviction is final. This bar is not applicable because Defendant timely filed his *pro se* Motion on May 10, 2018 which was 12 days before the one year time bar. Rule 61(i)(2) prohibits second or

---

[1] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

3

subsequent motions. Since this Motion is the first for the Defendant, Rule 61(i)(2) does not bar his Motion. Rule 61(i)(3) bars relief if the motion includes claims not asserted in the proceedings leading to the final judgment.[2] This bar is not applicable because Defendant claims ineffective assistance of counsel, which could not have been raised in any direct appeal.[3] Finally, Rule 61(i)(4) bars relief if the motion is based on a formerly adjudicated ground—this bar is also inapplicable in the current case.[4]

The Court must also address the fact that the Defendant entered into a guilty plea. The Defendant knowingly, intelligently and voluntarily plead guilty to Drug Dealing Heroin (Tier 4), Possession of a Firearm During the Commission of a Felony and Conspiracy Second Degree. It is well-settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, "even those of constitutional dimensions."[5]

---

[2] Super. Ct. Crim. R. 61(i)(3).
[3] *See State v. Berry*, 2016 WL 5624893, at *4 (Del. Super. June 29, 2016) (finding Rule 61(i)(3) did not apply to the defendant's motion because ineffective assistance of counsel could not have been raised in any direct appeal).
[4] Super. Ct. Crim. R. 61(i)(4).
[5] *Wilson v. State*, 2010 WL 572114, at *2 (Del. Feb.18, 2010) (*quoting Smith v. State,* 2004 WL 120530, at *1 (Del. Jan. 15, 2004)).

## B. Ineffective Assistance of Counsel

Delaware has adopted the two-prong test proffered in *Strickland v. Washington*[6] to evaluate ineffective assistance of counsel claims.[7] To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness"[8] and that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."[9]

To avoid the "distorting effects of hindsight," counsel's actions are afforded a strong presumption of reasonableness.[10] The "benchmark for judging any claim of ineffectiveness [is to] be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[11] The Court's objective in evaluating counsel's conduct is to "reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[12]

---

[6] *Strickland v. Washington*, 466 U.S. 668 (1984).
[7] *Albury v. State*, 551 A.2d 53, 58 (Del. 1988).
[8] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).
[9] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).
[10] *Neal v. State*, 80 A.3d 935, 942 (Del. 2013) (citing *Strickland*, 466 U.S. at 689).
[11] *State v. Wright*, 2015 WL 648818, at *3 (Del. Super. Feb. 12, 2015) (internal quotation marks omitted).
[12] *Neal*, 80 A.3d at 942 (citing *Strickland*, 466 U.S. at 689).

5

**a. Claim One:** Trial Counsel alleged ineffectiveness for failure to appear or appeared late for scheduled hearings

Defendant claims that Trial Counsel was ineffective by failing to appear or appearing late for schedule hearings. On May 19, 2015, Trial Counsel failed to appear for Defendant's office conference. On September 14, 2015, Trial Counsel did not appear until the end of the calendar for Defendant's final case review. Despite Trial Counsel's tardiness, the matter was rescheduled for October 19, 2015 because Defendant was incarcerated on a violation of probation in Pennsylvania and unable to attend.

Here, the Court acknowledges that Trial Counsel has been either late or failed to appear at scheduled hearings. However, for the purposes of this Motion for Post-Conviction Relief and under a *Strickland* standard, it is not necessary to explore extensively the impact that Trial Counsel's actions would have caused to Defendant's case because Defendant suffered no prejudice by Trial Counsel's tardiness or absence.

First, Trial Counsel's absence did not alter the outcome of Defendant's case or otherwise prejudice Defendant by missing a scheduled office conference. Second, Defendant was not prejudiced by Trial Counsel's tardiness to the final case review because it was rescheduled for a later date. Last, Defendant was not prejudiced when Trial Counsel arrived twenty (20) minutes late to Defendant's sentencing hearing

6

because Defendant had already plead guilty. Although Trial Counsel presented Defendant's Motion to Withdraw Guilty Plea, his tardiness did not influence or change the outcome of the Motion to Withdraw Guilty Plea nor the subsequent sentencing. As a result, Defendant's claim that Trial Counsel provided ineffective assistance of counsel is without merit.

**b. Claim Two:** Trial Counsel alleged ineffectiveness for failure to provide discovery materials to the Defendant

Defendant claims that Trial Counsel was ineffective by failing to provide discovery materials. Trial Counsel, through his Affidavit in Response to Defendant's Motion for Post-Conviction Relief, states that he did not mail him copies of the discovery materials,[13] but instead reviewed these materials with Defendant in person at the Howard R. Young Correctional Institution ("HRYCI"). Trial Counsel states that he reviewed these materials with Defendant at HRYCI to make him aware of the evidence that the State had in his case and what evidence would be adduced at trial by the prosecution.[14]

Here, the Court finds no prejudice. Defendant does not specify what information his Trial Counsel withheld from him. Regardless, "[Defendant] seems to confuse a right to information with the right to written copies of that information.

---

[13] Discovery materials consisted of police reports, search warrant applications, DNA report, and Defendant's criminal history.

[14] D.I. 89 at Section 32, p. 10.

7

He has a right to the former, but not the latter."[15] As a result, Defendant's claim that Trial Counsel provided ineffective assistance of counsel is without merit.

      **c. Claim Three:** Trial Counsel alleged ineffectiveness for failure to file a "meritorious motion to suppress"

Defendant claims that Trial Counsel was ineffective for failing to file a "meritorious motion to suppress." Defendant claims there was no strategic reason why Trial Counsel did not file a Motion to Suppress because "[t]he bulk of the evidence the State had against [Defendant] was the result of an unreasonable search and un-*Mirandized* statements and thus, would have been suppressed."[16]

Trial Counsel responded and stated that "[he] did not file a motion to suppress evidence because in [his] opinion, there was not a meritorious basis upon which to file a motion to suppress evidence."[17]

In the context of a guilty plea challenge, *Strickland* requires the Defendant to show that Trial Counsel's representation fell below an objective standard of reasonableness.[18] Further, Defendant must show that there is a reasonable probability that but for Trial Counsel's errors, Defendant would not have pled guilty but would have insisted on going to trial.[19] There is a strong presumption that legal

---

[15] *State v. Ferguson*, 2017 WL 4457208, at *3 (Del. Super. 2017).
[16] D.I. 87 at p. 19.
[17] D.I. 89 p. 11.
[18] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).
[19] *Dorsey v. State*, 2006 WL 889364, *2 (Del. 2006).

representation is professionally reasonable.[20] To withdraw a plea after a sentence has been imposed, the defendant must show either that his plea was not voluntarily entered or that it was entered because of misapprehension or mistake as to his legal options.[21] A defendant is bound by the statements he made on the signed plea form and during the in court colloquy unless he proves otherwise by clear and convincing evidence.[22]

A relatively recent Delaware Supreme Court case, *Dorsey v. State*, provides clarity regarding Defendant's claim of ineffective assistance of counsel for Trial Counsel's failure to file a "meritorious" Motion to Suppress. In *Dorsey*, the defendant had his Motion for Postconviction Relief regarding his underlying drug charges denied by this Court. On appeal, the Defendant claimed, among other items, that his guilty plea resulted from ineffective assistance of counsel because his attorney failed to investigate the facts of his case and file a Motion to Suppress. However, the Supreme Court affirmed this Court's decision and stated that they found "no evidence in the record that any error on the part of the [defendant's] counsel caused him to plead guilty."[23] Accordingly, "given the circumstances of his arrest, the evidence against him, and his criminal history, there [was] no reason to

---

[20] *Flamer v. State*, 585 A.2d 736, 753-54 (Del. 1990).
[21] *Albury v. State*, 551 A.2d 53, 58 (Del. 1988).
[22] *Smith v. State*, 1990 WL 1475, at *1 (Del. 1990).
[23] *Dorsey v. State*, 2006 WL 889364, *2 (Del. 2006).

believe that [the defendant] would have received a lesser sentence had he not pleaded guilty and proceed to trial."[24]

The Court finds that Defendant's claim for ineffective assistance of counsel based on his Trial Counsel's failure to file a "meritorious" Motion to Suppress must fail under *Strickland* and *Flamer*. By pleading guilty to Drug Dealing in Heroin – Tier 4, Possession of a Firearm During the Commission of a Felony, and Conspiracy Second Degree, Defendant indicated that he understood the constitutional rights he was relinquishing. He indicated to the Court that he was satisfied with his attorney's representation and that his attorney had fully advised him of his rights. Now, Defendant contests that validity of his plea agreement due to his Trial Counsel's failure to file a "meritorious" Motion to Suppress. However, the Court finds that Trial Counsel acted reasonably under the circumstances.

Defendant and Trial Counsel received copies of the police reports, search warrant applications, the DNA report, and the criminal history produced by the State through discovery. These documents provided counsel with sufficient information to determine the success of a Motion to Suppress and the quality of a plea agreement. Considering the nature of Defendant's arrest, and the evidence against the Defendant, counsel took professionally reasonable steps in recommending a plea

---

[24] *Id.*

agreement. Nothing supports the contention that Defendant did not understand or disagree with the aspects of his plea agreement.

Additionally, the State's plea agreement provided Defendant with "significant benefits" here. Under this agreement, the State agreed to dismiss: five (5) counts of Possession of a Firearm During the Commission of a Felony; one (1) count of Aggravated Possession of Heroin – Tier 5; one (1) count of Drug Dealing in Cocaine; one (1) count of Drug Dealing in Endocet; one (1) count of Possession of Marijuana; one (1) count of Possession of Drug Paraphernalia; two (2) counts of Possession of a Firearm While Possessing Heroin; and two (2) counts of Possession of a Firearm by a Person Prohibited.

Most significant, the plea agreement allowed Defendant to motion this Court, unopposed by the State, to modify his ten (10) years of Level 5 incarceration time to eight (8) years of Level 5 incarceration if Defendant completed a G.E.D. program. In accordance with the agreement, Defendant's sentence was later modified to eight (8) years of Level 5 incarceration.

Moreover, as Trial Counsel noted, due to Defendant's prior criminal history,[25] Defendant faced enhanced sentences. "If convicted of all charges in the case at bar, Defendant would have received a mandatory minimum sentence of fifty-two (52)

---

[25] Attempted Robbery Second Degree, PWBPP, Possession with Intent to Deliver.

11

years of Level 5 incarceration."[26] The Court finds that the benefit of a plea agreement significantly outweighed the risks posed by going to trial here.

> **d. Claim Four:** Trial Counsel was ineffective in filing and presenting Defendant's Motion to Withdraw Guilty Plea

Defendant claims that Trial Counsel was ineffective in filing and presenting Defendant's Motion to Withdraw Guilty Plea. First, Defendant claims that Trial Counsel should have motioned the Court for the appointment of new counsel. Next, Defendant claims that his *pro se* Motion to Withdraw Guilty Plea differed from the one filed by his Trial Counsel.

> **1. Trial Counsel's Alleged Ineffectiveness for Failure to Motion for Appointment of New Counsel.**

In a letter sent by Defendant with regards to his *pro se* Motion to Withdraw Guilty Plea, received by the sentencing Judge's office on February 25, 2016, he states, in pertinent, the following:

> I tried to prove my innocen[ce] by asking my attorney to put in for a motion to suppress the drugs which never happened. I feel it is my right to have a suppression hearing, alhough I know it's to[o] late. I also was denied my rule 16 discovery which could of proved the drugs were not mine[] or in my possession.
>
> Your honor, I felt as though that I didn't have a choice but to take the plea deal I was offered due to lack of counsel. My attor[n]ey [] is a great attorney but your honor during my whole case I've seen [my attorney] twice here at [HRYCI] for no more than twenty minu[tes] each time and as I've said I

---

[26] D.I. 89 (Trial Counsel's Affidavit in Response to Defendant's Motion for Postconviction Relief).

really did not want to take that plea which I plead guilty to drug dealing but I felt I had no choice because my attorney did not allow me to prove my innocents for the drugs. Saying all that I've said, I respectfully request the Court to allow me to withdraw my plea of drug dealing and maybe seek [a] new attorney.

With regards to appointing new counsel, it appears that the Defendant asked the sentencing Judge to *maybe* appoint him a new attorney. However, at the sentencing hearing, and after Trial Counsel informed the Court that Defendant was pursuing the Motion to Withdraw Guilty Plea, the following exchange took place:

Court: You are not asking [Trial Counsel] to leave your case?
Defendant: No, I'm not.

Thus, Defendant's claim that Trial Counsel should have motioned the Court to appoint new counsel is without merit. Defendant indicated that he did not want his Trial Counsel to leave his case.

## 2. Trial Counsel's alleged ineffectiveness for filing a Motion to Withdraw Guilty Plea that differed from Defendant's *pro se* Motion to Withdraw Guilty Plea.

Defendant, in his Motion for Postconviction Relief, contends that the grounds Trial Counsel asserted in the Motion to Withdraw Guilty plea are different from the grounds Defendant asserted in his *pro se* Motion. Trial Counsel, at the hearing, asserted the following:

Subsequent to the entry of his guilty plea, Defendant [] has advised counsel that at the time he decided to enter his guilty plea, he was under substantial stress; he was fearful of being convicted of all indicted charges; and felt pressured by the prosecutor into accepting the State's

13

plea offer and pleading guilty. As a consequence, Defendant [] does not believe that he entered his plea in a voluntary fashion.

Additionally, Defendant [] contends that had the case proceeded to trial, the evidence presented by the prosecution would not have supported convictions since no drugs were found on his person and no drugs were found in his vehicle.

Defendant, in his Motion for Postconviction Relief, states the following claims were included in his *pro se* Motion:

(1) The drugs were not in his possession
(2) The State had no physical evidence against him
(3) Trial Counsel failed to do the requested fingerprint analysis on the drugs
(4) Trial Counsel failed to provide him his Rule 16 Discovery Materials
(5) Trial Counsel only met with Defendant twice
(6) Defendant felt pressured to accept the plea agreement.

Defendant also contends that, allegedly in direct contravention to Defendant's *pro se* Motion, Trial Counsel claimed: "Defendant [] does not contend that there was a procedural defect with his guilty plea or that he did not have adequate legal counsel during the proceedings in his case." Defendant does not clarify in which way this statement directly contravened Defendant's *pro se* Motion.

Regarding the first ground in Defendant's *pro se* Motion (drugs were not in his possession), Trial Counsel, in his Affidavit in Response to Defendant's Motion for Postconviction Relief, states that he did assert the first ground. The Court notes that Trial Counsel did assert the first ground.[27]

---

[27] Additionally, Defendant [] contends that had the case proceeded to trial, the evidence presented by the prosecution would not have supported convictions **since no drugs were found on his person and no drugs were found in his vehicle.**

14

Regarding the second ground in Defendant's *pro se* Motion (State had no physical evidence against him), Trial Counsel stated he did not include the second ground because the DNA analysis of the .9 mm Glock semi-automatic handgun Defendant admitted to having in the Lincoln indicated that the major contributor of the DNA found on the Glock's extended magazine was consistent with Defendant's DNA. The Court agrees that the State had physical evidence against the Defendant.

Regarding the third ground in Defendant's *pro se* Motion (Trial Counsel failed to do the requested fingerprint analysis on the drugs), Trial Counsel stated that he did not do so because "the packing of the narcotics was subjected to forensic fingerprint analysis by the Delaware State Police" and "[t]he fingerprint analysis [] resulted in a determination that [Defendant's] fingerprints were not found on any of the materials in which the narcotics were packaged." The Court agrees with Trial Counsel's contention here that there was no need to have an independent fingerprint analysis conducted.

Regarding the fourth ground in Defendant's *pro se* Motion (Trial Counsel failed to provide Rule 16 Discovery), Trial Counsel stated that he did not do so because Trial Counsel reviewed the police reports, search warrant applications, DNA report, and criminal history with Defendant at HRYCI on at least two occasions and made him aware of the evidence the prosecution would present at trial as well. The Court notes that the failure to provide Rule 16 Discovery materials is

15

wholly separate from the failure to review the Rule 16 Discovery materials. "[Defendant] seems to confuse a right to information with the right to written copies of that information. He has a right to the former, but not the latter."[28]

Regarding the fifth ground in Defendant's *pro se* Motion (Trial Counsel met with Defendant only twice), Trial Counsel stated that he did not assert to the Court that he had met with Defendant only twice, but that he did meet with Defendant at HRYCI on at least two occasions.

Regarding the sixth ground in Defendant's *pro se* Motion (Defendant felt pressured to accept the plea deal), the Court notes here that Trial Counsel did assert such claim.

The Court does not find any discrepancies that would rise to an inference of ineffective assistance of counsel. Furthermore, on Defendant's Truth-In-Sentencing Form, Defendant indicated that he freely and voluntarily decided to plead guilty to the charges listed in the written plea agreement. Defendant also indicated that neither Trial Counsel nor the State threatened or forced him to enter into this plea. Last, he indicated that he was satisfied with Trial Counsel's representation and that Trial Counsel fully advised him of his rights. Absent clear and convincing evidence to the

---

[28] *State v. Ferguson*, 2017 WL 4457208, at *3 (Del. Super. 2017).

16

contrary, Defendant is bound by his representations in the Truth-In-Sentencing Guilty Plea Form and the guilty plea colloquy.[29]

## Conclusion

Defendant has failed to show that Trial Counsel's conduct constituted ineffective assistance of counsel under the two-prong *Strickland* standard. Defendant's Motion for Postconviction Relief is **DENIED** and Rule 61 Counsel's Motion to strike Trial Counsel's Affidavit is **DENIED.**

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**

---

[29] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).